IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JOHN OLIVER ELLIS, | : | |
| | : | |
| Petitioner | : | |
| | : | NO. 1:07-CV-36 (WLS) |
| VS. | : | |
| | : | PROCEEDINGS UNDER 28 U.S.C. § 2254 |
| STEVE ROBERTS, Warden,[1] | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| | : | |
| Respondent | : | **O R D E R** |

*Pro se* petitioner **JOHN OLIVER ELLIS** has filed a petition for writ of habeas corpus on court-provided 28 U.S.C. § 2255 forms. Because petitioner is a convicted state prisoner, his claims arise under 28 U.S.C. § 2254, not § 2255. The Court will consider his claims as if filed under § 2254. Petitioner also seeks to proceed *in forma pauperis*. His affidavit submitted in support of his request to proceed *in forma pauperis* is sufficient on its face to allow him to so proceed. Accordingly, the petitioner's application to proceed *in forma pauperis* is hereby **GRANTED.**

**IT IS HEREBY ORDERED** that within thirty (30) days of the date of this order, the petitioner shall amend his petition to include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which the petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his habeas petition. If amended, the petitioner will be

---

[1] Petitioner originally brought this petition against the United States of America. Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases, the appropriate respondent in this action is the "the state officer having custody of the applicant," or Steve Roberts, the Warden of Washington State Prison. The Clerk of Court is DIRECTED to substitute Warden Roberts for the United States as party-respondent.

presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his amended habeas petition.

IT IS FURTHER ORDERED that the respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases.  Either with the filing of the answer or within fifteen (15) days after the answer is filed, the respondent shall move for the petition to be dismissed or shall explain in writing to the court why the petition cannot be adjudicated by a motion to dismiss.

No discovery shall be commenced by either party without the express permission of the court.  Unless and until the petitioner demonstrates to this court that the state habeas court's factfinding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

A copy of the petition and any future amendments thereto and a copy of this order shall be served by the Clerk by certified mail on the respondent and on the Attorney General of the State of Georgia.  The Clerk of the Court is further directed to serve a copy of this order upon the petitioner. The petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 28th day of February, 2007.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE